[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION/MODIFICATION
This dissolution action came to this court at short calendar on October 24, 1994 on the basis of a Motion for Modification filed October 12, 1994. Parties at oral argument have treated the motion as a motion for reconsideration of this court's order of October 11, 1994 on the pendente lite motions of the parties pending at that time.
This is an action for dissolution initiated by the James W. Kenny (plaintiff) by complaint returnable July 26, 1994 against Marie A. Kenny (defendant). The complaint alleges that the parties intermarried on August 7, 1981, and that five minor children have been born to the wife since the date of the marriage, who are issue of the marriage, namely James, born October 5, 1982, Christina, born January 7, 1984, Laura, born April 29, 1986, Brian, born November 17, 1988 and Emily, born June 15, 1989.
While it was alleged at that time that "no individual or CT Page 11097 agency is presently responsible by virtue of judicial award for the custody or support of any such minor child . . ." The defendant, on her affidavit of August 26, 1994, indicated a receipt of "AFDC" and the State of Connecticut was participating in this case through Assistant Attorney General Gail Barto, although no appearance had found its way into the file as of the date of the hearings.
Both the plaintiff and the defendant have been represented by counsel and have been present in court throughout the proceedings referred to herein.
Custody and visitation orders were entered by agreement on September 12, 1994 and provided for custody by the defendant mother and reasonable rights of visitation with the plaintiff father including some specific provisions. The motion for exclusive use of premises was granted by agreement at that time. Requests relating to alimony, child support, and personal property were continued to a later date.
Those matters were taken up by this court on October 24, 11, 1994. Motion for return of personal property was denied as moot at that time.
On October 11, 1994 all parties had a full opportunity to be heard including oral argument with regard to their respective claims. Both parties filed financial affidavits and the State of Connecticut and the plaintiff filed child support guideline work sheets, the appropriate contents of which were vigorously contested and reviewed with the court.
Financial affidavits filed by the plaintiff indicate that he is employed by the United States Navy as an "E6." His affidavit sworn to on May 28, 1994, suggests a gross weekly wage of $555 and a net weekly wage of $503.10. He claimed to be paying rent of $70 per week at that time and was spending $50 a week for food and $45 a week related to his automobile. A financial affidavit sworn to by the plaintiff on October 24, 1994, however, indicated his gross weekly income to be $476.26 and his net weekly income to be $387.46. At that time he made no claims for weekly rental expense and continued to show about $45 expenses related to his weekly use of an automobile. He claimed to be paying $175 in child support and $125 in alimony. A "Leave and Earning Statement" filed with the court on October 24, 1994 as part of the financial material CT Page 11098 available shows the plaintiff to also have deductions from his pay for charity allotments and insurance allotments, and savings allotments as of September 30, 1994 date. The Leave and Earning Statement indicated that his expected October, 1994 mid-month payment amount was anticipated to be $749.55, and the end of the month payment amount was expected to be $750.35.
At the time of the arguments on the alimony and support motions, the plaintiff claimed that by virtue the State and Federal Law the court could not order the plaintiff to pay more than 60% of his net pay for support and alimony. He provided the court with a memorandum of law which referred to Connecticut General Statutes § 46b-215a and the State of Connecticut Child Support and Arrearage Guidelines as well as15 U.S.C. § 1673 as well as policy arguments. The State of Connecticut, on the other hand, argued that whatever limits may be applied by the Federal Law to the percentage which could be garnished or attached did not restrict the state court judges with regard to the amount which could be ordered paid. There was argument by counsel about the difference between the amount to be obtained by wage execution or garnishment on the one hand and the amount that could be ordered by the court on the other.
Giving consideration to the arguments advanced by the parties the court made a finding at that time that the appropriate Child Support in Arrearage Guidelines work sheet would reflect a combined net weekly income (father) on line 12 of $386.49 which would ordinarily require a basic obligation of $202.50 from which deductions would be appropriate for health insurance.
Based upon arguments advanced by the attorneys the court gave consideration to payments being made by the plaintiff towards the vehicle used for the children and certain insurance and applying Item 5A of the guidelines deviation criteria, reduced the $202.00 child support weekly order to $175.00.
Using that procedure the court on October 11, 1994 ordered the plaintiff to pay to the defendant for the support of the children the amount of $175.00 per week ($35 per week per child) payable by immediate wage withholding. CT Page 11099
The court also found an arrearage in the amount of $2,272.00 in support and ordered a payment at the rate of $10.14 per week by the plaintiff. The plaintiff was also ordered to maintain health insurance for the benefit of the minor children and the parties were required to divide equally any uncovered, unreimbursed medical expenses.
With regard to alimony the plaintiff was ordered to pay the defendant the sum of $125.00 per week pendente lite subject to modification when the defendant becomes employed.
At the motion to reconsider/modify argument held on October 24, 1994, the parties were heard in oral argument with regard to their respective claims. The plaintiff argued the possibility of a clerical error in which the court gave no consideration for the minimum self-support reserve of $145.00 nor did the court make a finding that the minimum reserve is inapplicable or inappropriate. In this connection the plaintiff argues that the minimum self-support reserve provided for in the support guidelines contemplate not only the effect of child support but the combined effect of child support and alimony pendente lite. The state and the defendant on the other hand argued that the court need only consider the support orders when determining whether or not the $145.00 minimum self-support reserve is applicable.
At the hearing the plaintiff provided the court with a document entitled "Plaintiff's Balance Sheet" in which the assertion was made that the plaintiff has a weekly net income of $386.00 and various expenses were shown, (some expenses which were and some which were not ordered paid by the court) indicating that the plaintiff would have a $21.00 per week balance after making certain payments including child support, alimony, wife's automobile payment, wife's automobile insurance payment and wife's school loan payment.
The plaintiff provided the court with Page V of the Child Support Guidelines as well as Page 14 which discuss the minimum self-support reserve and the coordination of total family support respectively. The court was also provide with a copy of Section 46b-215b of Connecticut General Statutes.
The parties were provided a full opportunity to present their arguments relating to the issue at the hearing. All parties were represented by counsel and were present in court. CT Page 11100
The court notes that the Child Support in Arrearage Guidelines adopted by the Commission for Child Support Guidelines effective June 1, 1994 contain a definition of "minimum self-support reserve." (Page III) as follows: Minimum self-support reserve means the portion of an obligor's net income which is generally not obligated for currentsupport or arrearage payments under these regulations. If the amount represents a minimal level of income to allow the obligor to provide for his/her own support and is set at $145.00 per week.
Thus, the guidelines themselves do not purport in their language to include consideration of alimony, but in their philosophy are apparently concerned with the question of the balance of funds remaining to an obligor for living expenses.
These guidelines provide for deviation criteria. But the deviation criteria by the language only apply to deviation in the "amount of current support" not the minimum self-support reserve.
If the guidelines had been intended to apply to alimony they could have easily said so.
Because it is clear to the court that the child support guidelines apply only to the question of "support" and that the court's $175.00 per week support order for five children does not reduce the plaintiff's net income below the $145.00 per week minimum self-support reserve, the guidelines cannot provide the plaintiff with a basis for relief at this time.
Moreover, because the plaintiff in this case is shown by the financial material considered by the court to be in the Navy, the minimum self-support reserve has little or no applicability.
For both of those reasons the Motion for Reconsideration/Modification is denied.
Leuba, J. CT Page 11101